UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RONALDO S. LIGONS,

Plaintiff,

v.

RAMSTAD-HVASS, ET AL.,

Defendants.

---

Civil 01-1591 (DSD/JGL)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be remanded to the state court from which Plaintiff has attempted to remove it.

This action came to this Court by way of a self-styled document entitled "Notice Of Removal From Washington County District Court To United States District Court District Of Minnesota," which Plaintiff filed on August 30, 2001. (Docket No. 1.) Evidently, Plaintiff is attempting to remove this action from a Minnesota state district court to the federal district court pursuant to the federal removal statutes, (28 U.S.C. §§ 1441 et seq.). Plaintiff's Notice of Removal was not accompanied by the $150 filing fee prescribed by 28 U.S.C. § 1914(a); instead he submitted the application for IFP status that is now before the Court.

FILED OCT 3 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Plaintiff is a prisoner of the State of Minnesota who is currently incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. He is therefore ineligible for a complete waiver of the court filing fee for this matter. Pursuant to 28 U.S.C. § 1915(b)(1), he is required to pay an initial partial filing fee before he can proceed in federal court. Therefore, by order dated September 6, 2001, the Court ordered Plaintiff to pay his initial partial filing fee forthwith. (Docket No. 3.) Applying the formula prescribed by § 1915(b)(1), the Court calculated Plaintiff's initial partial filing fee to be $6.42. He was ordered to pay that amount within 20 days. The order also stipulated that if Plaintiff failed to pay his initial partial filing fee within 20 days, he would be deemed to have abandoned his attempt to remove this action, and it would be recommended that the action be summarily remanded to the state court.

The deadline by which Plaintiff was to pay his initial partial filing fee has now expired, and, to date, no fee payment has been received. Plaintiff has submitted only a document entitled "Notice Of Motion And Motion To Withdraw Complaint Clarification of 28 U.S.C. § 1441(c) et seq.... Extension of Time," (Docket No. 4), in which he seems to be asking for an advisory opinion on whether he can remove the present action to federal court. Because Plaintiff has not paid his initial partial filing fee, the issue of whether he has a legal right to remove this action to federal court is not properly before the Court and will not be addressed. Moreover, federal courts do not ordinarily issue advisory opinions in any event. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (a federal court does not have the power to render advisory opinions). It is therefore recommended that Plaintiff's

motion for "clarification" be summarily denied.[1]

Because Plaintiff has failed to comply with the Court's prior order of September 6, 2001, it is now recommended that he be deemed to have abandoned his attempt to remove this action, and that the action be remanded to the state district court where it originated. See Fed. R. Civ. P. 41(b); In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's "Notice Of Motion And Motion To Withdraw Complaint Clarification of 28 U.S.C. § 1441(c) et seq.... Extension of Time," (Docket No. 4), be **DENIED**; and

---

[1] Plaintiff's motion obviously was prompted by a footnote in the Court's prior order, which pointed out that a plaintiff who has chosen to initiate an action in state court cannot later elect to remove his action to federal court. See Duckson v. Carlson, Bassinger, LLC v. Lake Bank, N.A., 139 F.Supp.2d 1117, 1119 (D.Minn. 2001) (Rosenbaum, J.) ("[i]t is well-established that plaintiffs do not have a right of removal"), citing, inter alia, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941). Although it certainly appears that Plaintiff has no legal right to remove this action to federal court, (because he alone chose to commence it in state court), the removability issue will not be formally adjudicated here, for the reasons discussed in the text.

3. This action be **SUMMARILY REMANDED** to the state court from which Plaintiff has attempted to remove it.

Dated: October 2, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by OCT. 22, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.